IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Number: 4:22-CR-00023-O |
| | § | |
| JONATHAN REYNOLDS | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned submits these findings, conclusions, and recommendations to United States District Judge Reed O'Connor under 28 U.S.C. § 636. By electronic Order (ECF No. 20) entered on February 2, 2022, Judge O'Connor referred to the undersigned Defendant's Motion for an *Ex Parte* Inquiry into Defendant's Choice of Counsel or Decision to Proceed *Pro Se* (ECF No. 19), filed February 2, 2022.

The Court conducted a hearing on February 8, 2022, on the Motion. Present at the hearing were Defendant; Defendant's counsel, Cody Cofer; and Assistant United States Attorney Robert Nichols. At the beginning of the hearing, Mr. Cofer informed the Court that Defendant wished to discharge him as counsel and proceed *pro se*. Defendant confirmed that he wished to proceed without an attorney. At the hearing, the Court concluded that Defendant knowingly and voluntarily waived his right to counsel. The undersigned recommends that Judge O'Connor grant Defendant's request to represent himself and discharge Cody Cofer as his attorney. The undersigned also recommends that Judge O'Connor appoint Mr. Cofer to serve as stand-by counsel to assist Defendant and replace him if Judge O'Connor concludes during the trial that Defendant can no longer be permitted to proceed *pro se*.

The Defendant has a constitutional right under the Sixth Amendment to represent himself in this matter. *Faretta v. California*, 422 U.S. 806 (1975). The Court conducted a hearing on Defendant's Motion to discern whether he was knowingly making his request to represent himself.

The undersigned closely examined Defendant and advised him in the strongest possible terms consistent with his right to represent himself that this was an unwise decision and choice on his part. The Court cautioned him that if he were allowed to represent himself, Judge O'Connor likely would not reset the trial currently set for Monday, March 7, 2022, at 9:00 a.m., on account of the change in representation. The Defendant stated that he understood this. The Court concludes that Defendant is not requesting to represent himself for purposes of delaying the current trial setting.

In response to direct and probing questions from the Court, the Defendant provided the following information. He understands that he has a constitutional right to be represented by an attorney at every stage of the proceedings. He understands that it is his right, at his expense, to have counsel of his choosing, or, if he is unable to afford an attorney, that the Court will appoint an attorney for him, without cost to him. He understands that he is charged by indictment with the offense of making a False Statement During Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). He understands that if he is found guilty, Judge O'Connor could impose the following maximum penalties: imprisonment for a period not more than ten years; a fine not to exceed $250,000; a term of supervised release of not more that three years, which may be mandatory under the law and will follow any term of imprisonment, and if the Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release; a mandatory special assessment of $100; and restitution to victims or to the community.

The Defendant is not a lawyer and has not attended law school. He has not taken any course in business law, constitutional law, or any other branch of law. Although he stated that he had represented himself in a civil matter, he has never tried a civil case. And, though he previously was prosecuted in a criminal action, he did not represent himself in that case. He never has tried a criminal case. He understands that if he represents himself, he is on his own. Judge O'Connor and the other participants in the trial cannot tell him or advise him on how to try his case. He stated that he is familiar with the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. He understands that the Federal Rules of Evidence and the Federal Rules of Criminal Procedure apply in federal criminal cases, and in representing himself, he is bound by those rules. He also understands that if he decides to take the witness stand, Judge O'Connor may require that he present his testimony in question and answer form, not in a narrative fashion in which he tells his story. He understands that he must proceed question by question through his testimony.

The Court also explained that trying a jury case was very stressful and that there is a lot to remember and to do. The Defendant understands that his attorney is trained in the law and is an experienced federal criminal lawyer, both in private practice and as a former assistant federal public defender. The Defendant understands that the assistant United States attorney who tries this case likewise will be trained in the law and will have had significant trial experience. Nevertheless, Defendant wishes to represent himself.

The Court advised Defendant that in its opinion, he would be far better defended by a trained lawyer and that it was unwise in the Court's opinion for him to try to represent himself. The Court strongly urged him not to try and represent himself at the trial. Despite the penalty that he might suffer if he were found guilty and the significant difficulty of representing himself, the

Defendant stated that it is still his desire to represent himself and give up his right to be represented by a lawyer. His decision is entirely voluntary.

The undersigned concludes that the Defendant has knowingly and voluntarily waived his right to counsel. The undersigned recommends that Judge O'Connor permit Defendant to represent himself and permit his court-appointed attorney, Cody Cofer, to withdraw as his counsel. The undersigned also concludes that Judge O'Connor should appoint stand-by counsel with whom the Defendant may confer before and during trial. Defendant should not be required to consult with stand-by counsel or be required to permit such counsel to represent him in this case. However, such counsel should be available to Defendant if he should change his mind and decide that he desires the assistance of counsel in the defense of the charges brought against him. Because Cody Cofer currently represents Defendant and knows the facts and legal issues in this matter, the undersigned recommends that Judge O'Connor appoint him to serve as Defendant's stand-by counsel in this case.

A copy of these findings, conclusions, and recommendation shall be served on the parties and counsel in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 8, 2022.

*[signature: Hal R. Ray, Jr.]*

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE